## Richmond.

### COLLIER V. HIDEN.

#### March 15, 1917.

1. BOUNDARIES—*Petition to Determine—Parties.*—Acts of Assembly of 1912, p. 133, provide, "that any person having an interest in real estate upon petition filed in the court which would have jurisdiction in an action of ejectment concerning such real estate, shall have the right to have ascertained and designated by the said court, the true boundary line or lines to such real estate as to one or more of the coterminous landowners. All persons interested in the coterminous real estate shall be made parties to the said petition which shall be matured for hearing as provided for maturing an action of ejectment, except that it shall not be necessary to serve a copy of the petition." Under this statute where the petitioner has only a life estate, he must either have the remaindermen unite with him as plaintiffs, or have them made defendants.

2. JURY—*Waiver—Boundaries.*—Under section 3166, Pollard's Code 1904, a trial by jury is waived if neither plaintiff nor defendant demand such trial. But Acts of 1912, p. 133, governing proceedings to determine boundaries specifically provides that a "trial by jury may be waived by consent of parties," and therefore requires a trial by jury in every case arising under it, unless such trial is waived by the consent of parties both plaintiff and defendant.

Appeal from a decree of the Circuit Court of Greene county. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*John S. Chapman,* for the appellant.

*E. M. Averill,* for the appellee.

SIMS, J., delivered the opinion of the court.

This case involves a proceeding by petition to have ascertained and designated by the court the true boundary lines of real estate under Acts of Assembly 1912, p. 133.

The appellee was plaintiff and the appellant defendant in the court below, hereinafter referred to as plaintiff and defendant.

The proceeding was erroneously had on the chancery side, instead of the law side, of the court, as the statute provides, but in the view we take of the case it is not necessary to consider the effect of that upon the validity of the process or otherwise.

There was no appearance by the defendant until after final order or decree in the case.

The plaintiff was the owner of a life estate only in his real estate, his wife and children being entitled thereto in remainder in fee. The latter were not made parties to the proceeding.

Trial by jury was not waived "by consent of parties" and the court below disposed of the case without a trial by jury.

There are five assignments of error in the petition before us, praying that a new trial be awarded, only two of which need be considered, which are in effect as follows:

First. That the statute aforesaid requires that all persons interested in the coterminous real estate shall be made parties to the petition; and that, therefore, the wife and children of the plaintiff were necessary parties to the proceeding, being the owners in remainder in fee of the land in which the plaintiff owned a life estate only. It is not denied that the plaintiff, as life tenant, could alone file his petition; but it is alleged that under the statute he should have either had the remaindermen unite with him as plaintiffs or have made them defendants.

Second. That the said statute provides that, "The trial by jury may be waived by consent of parties;" that without such consent the questions involved must be tried by a jury;

that the record shows no consent of parties to waive a trial by jury; and hence the final order or decree in the case was void for lack of jurisdiction in the court to enter it.

We will consider these assignments of error in their order as stated above.

The statute in question is as follows:

"1. Be it enacted by the General Assembly of Virginia, That any person having an interest in real estate upon petition filed in the court which would have jurisdiction in an action of ejectment concerning such real estate, shall have the right to have ascertained and designated by the said court, the true boundary line or lines to such real estate as to one or more of the coterminous landowners. All persons interested in the coterminous real estate shall be made parties to the said petition which shall be matured for hearing as provided for maturing an action of ejectment, except that it shall not be necessary to serve a copy of the petition.

"The trial shall be conducted as other trials at law and the same rules of evidence shall apply and the same defenses may be made as in other actions at law; the trial by jury may be waived by consent of parties, the judgment of the court shall be recorded in the common law order book and in the current deed book of the court, and indexed in the name of the parties to the petition. The court may, upon application of either party to the petition, by order in term time or in vacation, direct such survey or surveys to be made as may be deemed necessary. The judgment of the court shall, unless reversed, forever settle and determine and designate the true boundary line or lines in question, and be binding upon the parties to such petition, their heirs, devisees and assigns. The judgment of the court shall be subject to review by the Supreme Court of Appeals of the State upon writ of error."

First. With respect to the first assignment of error above mentioned.

We are of opinion. that this assignment is well taken. The statute, it is true, allows "any person having an interest in real estate" to file the petition provided for thereby; but it further, in express terms, provides that, "All persons interested in the coterminous real estate shall be made parties to the said petition * * *" The statute is not free from ambiguity with respect to the meaning with which it uses the word "coterminous" in the sentence here quoted, in view of its use of the same word in its designation of "coterminous landowners" in the preceding sentence. . The "landowners" referred to in the former sentence are clearly meant by the statute to be the owners of the land on the opposite side of the boundary line from the plaintiff, to-wit, the defendants in the proceeding. When the statute, however, in the following sentence, does not designate those who shall be made parties to the petition as all "coterminous landowners," but "all persons interested in the coterminous *real estate,*" the language would seem to have a broader meaning, and to include the owners of the land on both sides of the boundary line in controversy, to-wit, both plaintiffs and defendants; and in view of the policy of the law and of this statute to lessen litigation, we think this meaning must be given to it.

We are, therefore, of opinion that the said parties entitled in fee in remainder to the land in which the plaintiff owned only a life estate, were necessary parties to the proceeding and should have been made parties plaintiff or defendant to the petition.

Second. With respect to the second assignment of error above mentioned.

It is true that the statute under consideration provides that the petition "shall be matured for hearing as provided for maturing an action of ejectment, except that it shall

not be necessary to serve a copy of the petition," and that "The trial shall be conducted as other trials at law * * *" If the statute had stopped there with respect to its provisions touching the procedure under it, no express consent of both plaintiff and defendant to waiver of the trial by jury would be necessary; for in other trials at law, by virtue of section 3166 of the Code of Virginia (Pollard's Code, 1914) a trial by jury is waived if neither plaintiff nor defendant demand such trial. But the statute we have under consideration does not stop there, but goes on, and uses different language from said section 3166 with respect to the manner in which the trial by jury may be waived, namely: it provides that "the trial by jury may be waived *by consent of parties.*" (Italics supplied.) We must interpret the language of the legislature as we find it and give some meaning to this further provision of the statute. In doing so we cannot escape the conclusion that the statute requires a trial by jury in every case arising under it unless such trial is waived by the consent of parties both plaintiff and defendant.

We are, therefore, of opinion that this assignment of error is also well taken.

For the foregoing reasons, the order or decree complained of must be set aside and annulled and a new trial granted.

*Reversed.*