# Staunton

## C. C. CHANDLER V. JOSEPH W. FLETCHER.

September 23, 1937.

Present, All the Justices.

The opinion states the case.

*M. P. Farrier,* for the appellant.

No appearance for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

This appeal brings under review a final decree entered by the Circuit Court of Giles county, setting aside and annulling a judgment entered in favor of appellant on the 25th day of June, 1936, in a boundary-line proceeding wherein appellant was plaintiff and appellee was defendant.

The sole ground upon which Fletcher sought relief in the chancery court was that the court lacked jurisdiction in the law case, for the reason that the boundary-line proceeding had not been determined by a jury, as required by section 5490 of the Code. That section reads as follows:

"Any person having a subsisting interest in real estate and a right to its possession, or to the possession of some share, interest or portion thereof, upon petition filed in the court which would have jurisdiction in an action of ejectment concerning such real estate, or at rules in the clerk's office thereof, shall have 'the right to have ascertained and designated by the said court, the true

boundary line or lines to such real estate, as to one or more of the coterminous land owners. Petitioner in stating his interest shall conform to the requirements of section fifty-four hundred and fifty-nine, and shall describe with reasonable certainty said real estate and the boundary line or lines thereof which he seeks to establish. A plat, showing such real estate and boundary line or lines, filed with the petition, may serve the purposes of such description.

"The petitioner shall make defendants to said petition all persons having a present interest in the boundary line or lines sought to be ascertained and designated, and the case shall be commenced by serving a copy of the petition upon the defendant or by giving him notice in writing that said petition has been filed. No formal plea or answer to said petition shall be necessary, but the defendant shall state his grounds of defense in writing, if any he has, and the parties shall be deemed to be at issue, which issue shall be the true boundary line or lines of such real estate. The trial shall be conducted as other trials at law, and the same rules of evidence shall apply and the same defenses may be made as in other actions at law. A trial by jury may be waived by consent of the parties, and the case be tried by the court. Counsel for the petitioner shall have the right to open and conclude the argument. The judgment of the court shall be recorded in the common law order book, and in the current deed book of the court, and indexed in the names of the parties. The judge of the court in term time or vacation may direct such surveys to be made as he may deem necessary. The judgment of the court, until reversed shall forever settle, determine, and designate the true boundary line or lines in question, and be binding upon the parties, their heirs, devisees, and assigns. The judgment may be enforced in the same manner as a judgment in an action of ejectment. A writ of error from the Supreme Court of Appeals shall lie to such judgment in like manner as in a common law action.

"In a proceeding under this section, no claim of the plaintiff for rents, profits or damages shall be considered."

It will be noted that the statute provides that the trial shall be conducted as other trials at law and the same rules of evidence shall apply and the same defenses may be made as in other actions at law. A trial by jury may be waived by consent of the parties and the case tried by the court. No formal plea or answer to the petition is required but the defendant *shall* state his grounds of defense in writing, if any he has, and the parties shall then be deemed at issue as to the true boundary line.

The record discloses that at the September Rules, 1935, the petition to establish the boundary lines was filed. The case was matured for hearing at the September term. It was called on September 19, 1935, and at that time Joseph W. Fletcher, the defendant in that case, was present in the court room and the order of the court so recites. He made no defense at that time, and filed no grounds of defense in writing in accordance with the mandatory requirements of the statute. The court directed the county surveyor to go upon the lands, after notice in writing to the parties, and establish the line and afterwards to report to the court.

The case was passed at the December, 1935, and March, 1936, terms of court. During all this time Fletcher made no defense or objection to the proceeding. On June 6, 1936, after proper notice to the parties, the surveyor went upon the lands and in the presence of Fletcher, who was there in response to the notice, established the true boundary line. At this time Mr. Fletcher made no protest. On June 12, 1936, the surveyor filed his report and Mr. Fletcher made no objection to it.

On June 25, 1936, Mr. Fletcher still failing to file any defense, the court entered an order establishing the boundary line in accordance with the surveyor's report. That order became final and no writ of error was sought to it.

In August, 1936, Fletcher filed his bill of complaint in the present chancery suit, attacking the final order which had been entered by his acquiescence in the law case, alleging that said final order was void because the court had failed to have a jury establish the boundary line; that a

jury trial on the issue was a jurisdictional prerequisite to the power of the court to enter the order and that it had not been waived by consent of the parties. He fails to show the true lines and also fails to allege just in what particular the lines as established are erroneous. He prays that the final order be set aside and he now be permitted to file his answer to the petition in the law action and that a jury be empaneled to try the case, notwithstanding he had from September, 1935, to June, 1936, to file his defense in writing, and during that time he had the opportunity of having the jury trial if he had presented his defense and provided the issue for them to decide.

■■ The record indisputably shows that Fletcher was present in the law action whenever any step was taken therein, from the very beginning of the proceedings to the time the final order was entered, and at no time did he protest or object to any motion made by the petitioner or action taken by the court or to the entry of any of the orders. He was present at every stage of the case and failed to file his grounds of defense in writing, as was required of him, and he failed to protest to any action of counsel or the surveyor or the court. He was present on the land when the boundary line was established by the surveyor and made no protest. These are conclusive circumstances that he impliedly consented to the entire procedure and acquiesced in the surveyor's report and in the entry of the final order. No particular form of waiver of a jury trial is required either by section 5490 or section 6012 (as amended by Acts 1936, ch. 11). It may be implied as well as express.

■■ In a case of this nature no issue for a jury to decide is presented until the defendant files his grounds of defense in writing. In the absence of the grounds of defense and of objection to the surveyor's report, there was nothing left for the court to do but enter the order approving the report and establishing the lines.

■■ The statute provides that the case shall be tried as other cases at law. In other cases at law, if the de-

fendant makes no defense, judgment goes against him without the intervention of a jury unless the case is based upon an unliquidated claim or upon a matter requiring a writ of inquiry. When we apply the general principles applicable in other law cases to the proceedings at law challenged by this chancery suit, we are bound to conclude that Fletcher waived a jury trial and that Chandler joined in that waiver. A trial by jury was waived by the implied consent of the parties and this gave the court the right to try the case without a jury.

Against this conclusion which is authorized by Code, section 6012 (as amended by Acts 1936, ch. 11), and supported by numerous cases (see Digest of Virginia and West Virginia Reports, vol. 6, page 530), is the sole case of *Collier* v. *Hiden,* 120 Va. 453, 91 S. E. 630, where the court held that the judgment should be reversed and the case remanded because of lack of proper parties. The plaintiff in that case had only a life estate in the lands involved and this court reversed the judgment of the trial court and remanded the case for a new trial because the wife and children of the plaintiff were remaindermen and had not been made parties. However, the court also held that the jury trial authorized under the statute which provides for the establishment of boundary lines had not been waived by consent of the parties. This latter holding was not necessary to the decision of the case on the main points: to-wit, the question of the necessity of the remaindermen as parties. What was said regarding the waiver of the jury trial was not essential to the decision. Even if it were necessary to pass on the question, the record shows that the jury trial in that case had not been waived by consent of the parties, either expressly or impliedly.

Our conclusion is that "the jury trial" in the case at bar was waived by consent of the parties and that the decree complained of should be reversed and the bill dismissed.

*Reversed.*