## CIRCUIT COURT OF FAIRFAX COUNTY

Allan E. Carr
and Karen M. Carr

v.

Craftmark Homes L.C.
and Sack & Associates, P.C.

February 8, 1995

Case No. (Law) 136812

BY JUDGE MARCUS D. WILLIAMS

Upon consideration of the parties' submissions, the Defendants' motion to strike the jury demand is granted. In support of their motion to strike, Plaintiffs cite *Bank South, N.A. v. Howard*, 264 Ga. 339 (1994), a Georgia case. In that case, the court held that pre-litigation contractual waivers of the right to a jury trial are not enforceable under Georgia law. Although such waivers are not recognized under Georgia law, Virginia does recognize such contractual waivers. *See Azalea Drive-In Theater, Inc. v. Sargoy*, 215 Va. 714 (1975).

Waivers of the right to a jury trial in Virginia may be either express or implied, *Carter v. Commonwealth*, 2 Va. App. 392 (1986), and no particular form of the waiver is required. *Chandler v. Fletcher*, 169 Va. 32 (1937). In the present case, the sales contract, which was signed and initialed by the Plaintiffs, clearly provides that both the buyer and seller waive their right to a jury trial as to claims arising out of the contract. The jury waiver clause in the contract is not inconspicuous, nor is it set out in smaller type than other provisions of the contract. The Court finds that the contractual waiver of the right to the jury trial is valid.

Next, the Plaintiffs argue that waivers of the Seventh Amendment right to a jury must be knowing and voluntary. The Seventh Amendment does not govern state court proceedings. *See Boyd v. Bulala*, 672 F. Supp. 915 (W.D. Va. 1987). The right to a jury trial in this case arises under the

Virginia Constitution, Article I, section 11. Even if the Seventh Amendment were applicable to this case, the Plaintiffs knowingly and voluntarily waived their right to a jury trial under the contract. Plaintiffs initialed the page on which the waiver is found, evidencing their knowing waiver of their rights. In addition, there has been no evidence to suggest that Plaintiffs signed the contract involuntarily. Therefore, the Court cannot find that Plaintiffs were compelled to sign the contract.

Because the contractual provision waiving the right to a jury trial is valid and because Plaintiffs made a knowing and voluntary waiver of their right to a jury trial, Defendants' motion to strike the jury clause is hereby granted.