**RDO FINANCIAL SERVICES CO., Plaintiff,**

v.

**Dennis POWELL, Defendant.**

**No. Civ.A. 301CV1469M.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 25, 2002.

Richard A. Sayles, William S. Snyder, Sayles Lidji & Werbner, Dallas, TX, for Plaintiff.

N. Henry Simpson, III, Simpson Woolley & McConachie, The Quadrangle, Dal-

las, TX, Robert H. Nunnally, Jr., Wisener Nunnally, Garland, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

LYNN, District Judge.

Before the Court is Plaintiff's Motion to Quash Defendant's Jury Demand by Defendant Dennis Powell ("Powell"), filed January 11, 2002.

Plaintiff, RDO Financial Services Co. ("RDO"), argues liability in this action is based upon a Continuing Guaranty ("Guaranty"), executed by RDO and Powell to guarantee the debt of MWM Recycling Incorporated ("MWM") in a lease transaction between RDO, the lessor, and MWM, the lessee. The Guaranty includes in the paragraph entitled "Guarantor's Waivers" that "in any action hereunder, Guarantor waives the right to demand a trial by jury." Powell raises two arguments against the enforceability of the waiver: (1) constitutional grounds; and (2) relinquishment of RDO's right to enforce the jury waiver. The Court finds the waiver unenforceable on both grounds, and therefore **DENIES** RDO's Motion to Quash.

## ANALYSIS

Both parties argue that Texas law controls whether a jury trial can be waived in this case. RDO cites *Rivercenter Assoc. v. Rivera*, contending that the Texas Supreme Court approved of pre-litigation jury waivers if the party relying on the waiver urged that position promptly.[1] In response, Powell argues that the *Rivercenter* court expressly declined to address the constitutionality of pre-litigation jury waivers, and urges that the Court should adopt as persuasive authority the decision of the Georgia Supreme Court in *Bank South, N.A. v. Howard*, which invalidated pre-litigation jury waivers on constitutional grounds.[2] Alternatively, Powell argues that RDO's conduct prevents it from enforcing the jury waiver. The Court must determine whether the jury waiver at issue here is enforceable.

## A. Constitutionality of the Jury Waiver

While it is axiomatic that an enforceable jury waiver must exist in order to relinquish the right, Powell correctly notes that the Texas Supreme Court in *Rivercenter* "d[id] not reach the parties' arguments concerning the constitutionality of jury waiver provisions generally," even though it found the plaintiff had waived its right to enforce the jury waiver at issue.[3] This fact does not require the Court to follow Georgia state law.[4] Rather, the Court

---

1. 858 S.W.2d 366, 367 (Tex.1993).

2. 264 Ga. 339, 444 S.E.2d 799, 800 (1994).

3. *Id.* at 367 n. 2, 444 S.E.2d 799.

4. Powell connects Georgia case law to this case by the presence in both Texas and Georgia of a constitutional amendment protecting the right of trial by jury in civil cases. The Court notes that all but two states constitutionally guarantee the right to trial by a civil jury. The two that do not, Louisiana and Colorado, instead guarantee the right by statute or court rule. William V. Dorsaneo, III, *Reexamining the Right to Trial by Jury*, 54 SMU L.Rev. 1695 (2001). Thus, this point does not prompt the Court to follow the Georgia decision. Further, the Georgia Supreme Court appears to be the only state court to find that pre-litigation contractual jury trial waivers are not enforceable, and the decision has been criticized. *See* Edward Wood Dunham, *Enforcing Contract Terms Designed to Manage Franchisor Risk*, 19 FRANC. L.J. 91, 96 (2000) (characterizing Georgia's approach as "extreme and, to date, unusual position"); K. Stout, *No Prelitigation Contractual Waiver of Jury Trial: Bank South, N.A. v. Howard, A Step Backward for Georgia*, 12 GA. ST. U.L.REV. 929, 947–48 (1998); *L & R Realty v. Conn. Nat'l Bank*, 46 Conn.App. 432, 699 A.2d 291, 295 (1997) (following the federal standard as persuasive authority rather than Georgia).

turns to federal law for guidance.[5]

 Although the right of trial by jury in civil actions is protected by the Seventh Amendment to the Constitution, that right, like other constitutional rights, may be waived by prior written agreement of the parties.[6] However, that waiver must be made knowingly and voluntarily, and courts will indulge every reasonable presumption against a waiver of that right.[7] The federal standard for determining the validity of a contractual waiver of the right to a jury trial is thus whether the waiver was made in a knowing, voluntary, and intelligent manner.[8] In the context of an express jury waiver, the majority of federal courts have held that the party seeking enforcement of the waiver has the burden of showing that the consent of the party making the waiver was knowing, voluntary, and intelligent, but a circuit split exists on this issue.[9] Although the Fifth Circuit has not addressed who carries the burden, the Court concludes that the party seeking to enforce the waiver has the burden. Regardless of who shoulders the burden, the factors used by federal courts to decide whether a waiver was made knowingly, voluntarily, and intelligently include: (1) whether there was gross disparity in bargaining power between the parties; (2) the business or pro-

5. *GTFM, LLC v. TKN Sales, Inc.*, 257 F.3d 235, 238 (2d Cir.2001) ("[t]he right to a jury trial in federal court is clearly a question of federal law") (citing *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963)); *Gipson v. KAS Snacktime Co.*, 83 F.3d 225, 230 (8th Cir.1996) (holding that federal law controls the issue, even in cases where the federal court would be enforcing a state-created right and "even when a state statute or state constitution would preclude a jury trial in state court") (citing *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 538–39, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958)). In *Simler*, the Supreme Court stated that "the characterization of [whether a] state-created claim [is] legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Simler*, 372 U.S. at 222, 83 S.Ct. 609. The Court notes that the *Simler* case is distinguishable from this case in that here, it is undisputed that the claims are legal, not equitable, and the issue is whether the jury waiver is *enforceable*. Nevertheless, in the aftermath of *Simler*, federal courts analyzing a jury waiver issue have routinely analyzed whether the waiver was "knowing and voluntary," which is the federal test. *See, e.g., Lake James Community Volunteer Fire Dept., Inc. v. Burke Cty.*, 149 F.3d 277, 280 (4th Cir.1998), *cert. denied*, 525 U.S. 1106, 119 S.Ct. 874, 142 L.Ed.2d 775 (1999); *National Equipment Rental, Ltd. v. Hendrix*, 565 F.2d 255 (2d Cir.1977).

6. *See Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986); *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 178, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir.1985).

7. *Commodity Futures Trading Comm'n*, 478 U.S. at 848, 106 S.Ct. 3245.

8. *Leasing Service Corp. v. Crane*, 804 F.2d 828, 832–33 (4th Cir.1986); *Phoenix Leasing Inc. v. Sure Broadcasting, Inc.*, 843 F.Supp. 1379, 1384 (D.Nev.1994), *aff'd*, 89 F.3d 846 (9th Cir.1996); *In re Reggie Packing Co., Inc.*, 671 F.Supp. 571, 573 (N.D.Ill.1987).

9. *Telum Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 838 (10th Cir.1988), *cert. denied*, 490 U.S. 1021, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989) (party seeking to enforce the waiver bears the burden of proving the waiver is enforceable); *Leasing Service Corp.*, 804 F.2d at 832–33; *Nat'l Equipment Rental Ltd.*, 565 F.2d at 258; *Phoenix Leasing Inc.*, 843 F.Supp. at 1384; *Dreiling v. Peugeot Motors of America, Inc.*, 539 F.Supp. 402, 403 (D.Colo. 1982); *National Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 667 (S.D.N.Y.1991), *aff'd*, 962 F.2d 1 (2d Cir.1992) (table); *but see K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 758 (6th Cir.1985) (party objecting to the jury waiver provision bears the burden of demonstrating that consent was not knowing and voluntary); *Efficient Solutions, Inc. v. Meiners' Country Mart, Inc.*, 56 F.Supp.2d 982, 983 (W.D.Tenn.1999). The Fifth Circuit has not addressed this issue.

fessional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous.[10]

■ Here, the paragraph entitled "Guarantor's Waivers" is printed in a very small font size making it difficult, if not impossible, for the average person to read it. The jury waiver is buried in the middle of a lengthy paragraph, not set off from the rest of the text through differential bold, larger print, italics, or any other form of emphasis or distinction. Further, the waiver at issue is wholly one-sided. RDO can enforce Powell's jury waiver, but RDO can also demand a jury. This demonstrates that Powell lacked a realistic opportunity to negotiate at arms-length with RDO.[11] All of that evidence causes the Court to conclude, as a matter of law, that a knowing and voluntary waiver of Powell's right to a jury trial has not been demonstrated.

## B. RDO's Relinquishment of Any Right Under the Jury Waiver

Powell further argues that RDO relinquished its right to enforce the jury waiver in the Guaranty by acting inconsistent with enforcement of the jury waiver. RDO initially filed suit against Powell in state court. On January 30, 2001, it filed a Motion to Quash Powell's jury demand, although, on August 1, 2000, it had stipulated to a jury trial. Once the stipulation was brought to RDO's attention, it withdrew its Motion to Quash the jury demand, but, on the first day of trial, voluntarily non-suited its case and refiled here.

In *Rivercenter Assoc. v. Rivera*, the Texas Supreme Court noted that "[e]quity aids the diligent and not those who slumber on their rights." [12] Based on equitable principles, it denied the plaintiff mandamus relief on the district court's decision to uphold the defendant's jury demand where the plaintiff failed to assert the jury waiver until four months after the defendant demanded a jury and after the plaintiff requested a setting on the jury docket.

■ Powell answered on December 10, 2001, and demanded a jury trial. On January 11, 2002, RDO moved to strike the demand. Although this short interval might constitute diligence, it cannot reinvigorate a relinquished right. The record reveals no justification for RDO's delay in asserting its waiver position in state court. It acted inconsistently with enforcement of the jury waiver provision in litigation with Powell over the very same Guaranty. Prejudice to Powell, who has already been made to withstand a state court proceeding and prepare for a jury trial non-suited on the very eve of presentation, is evident. Since courts will indulge every reasonable presumption against a waiver of a litigant's fundamental constitutional right to a jury, the Court finds that RDO's conduct relinquished its right to enforce the jury waiver.[13]

For the foregoing reasons, the Court finds Powell's waiver of a right to jury trial

10. *Westside–Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.*, 56 F.Supp.2d 694, 706 (E.D.La.1999).

11. *See Hendrix*, 565 F.2d at 258 (refusing to enforce a jury waiver because it appeared in the middle of the contract, in fine print, and there was no showing that the waiving party had any choice in the waiver).

12. 858 S.W.2d at 367 (quoting *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 797 (1941)).

13. *See Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177 (1937).

unenforceable here. The case will, therefore, proceed on the jury docket.

**SO ORDERED**.