Writ of Mandamus Conditionally Granted and Opinion filed July 10, 2003














Writ of
Mandamus Conditionally Granted and Opinion filed July 10, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00191-CV

____________

 

IN RE WELLS FARGO BANK MINNESOTA N.A., AS
TRUSTEE and

ORIX CAPITAL
MARKETS, LLC, Relators

 

 

_____________________________________________________________________

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

_____________________________________________________________________

 

O P I N I O N

 

            Relators,
Wells Fargo Bank Minnesota N.A., as Trustee and Orix
Capital Markets, LLC, seek a writ of mandamus ordering respondent, the
Honorable Joseph Halbach, to enforce the parties’
contractual jury waivers in the underlying suit.  We conditionally grant the writ.




 

I.  Background

            Relators
filed the underlying suit against Real Parties in Interest—Cyrus II
Partnership, Bahar Development, Inc., and Mondona Rafizadeh—to recover on a
$6.4 million mortgage note and guaranty.[1]  Real Parties filed a counterclaim alleging
bad faith, 








breach of contract, wrongful acceleration and foreclosure,
abuse of rights, and tortious interference with
contract, and seeking at least $350 million in damages.

            The
mortgage note was signed as follows:

 

CYRUS II PARTNERSHIP,

            a Louisiana partnership in commendam

 

            By:      Bahar Development, Inc.

                        a Texas corporation,

                        its general partner

 

By:                 [signature]             

Name: Mondona
Rafizadeh

Title:   President

 

Rafizadeh also individually signed the
guaranty.  The note and guaranty contain Louisiana choice of
law provisions.[2]  In addition, both the note and guaranty
contain jury waiver provisions. 
Specifically, the note provides

MAKER HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF
ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVES ANY RIGHT TO TRIAL BY JURY FULLY
TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO
THIS NOTE, THE MORTGAGE [DEED OF TRUST] AND THE OTHER SECURITY DOCUMENTS, OR
ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH.  THIS WAIVER OF RIGHT TO TRIAL BY JURY IS
GIVEN KNOWINGLY AND VOLUNTARILY BY MAKER, AND IS INTENDED TO ENCOMPASS
INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY
JURY WOULD OTHERWISE ACCRUE. PAYEE IS HEREBY AUTHORIZED TO FILE A COPY OF THIS
PARAGRAPH IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER BY MAKER.

The
guaranty contains a similar provision:

            5.13  Waiver of Right to Trial by Jury.  GUARANTOR HEREBY AGREES NOT TO ELECT A TRIAL
BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND WAIVES ANY RIGHT TO TRIAL BY
JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH
REGARD TO THIS GUARANTY, THE NOTE, THE MORTGAGE, OR THE OTHER LOAN DOCUMENTS,
OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION
THEREWITH.  THIS WAIVER OF RIGHT TO TRIAL
BY JURY IS GIVEN KNOWINGLY AND VOLUNTARILY BY GUARANTOR, AND IS INTENDED TO ENCOMPASS
INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY
JURY WOULD OTHERWISE ACCRUE.  LENDER IS
HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH IN ANY PROCEEDING AS
CONCLUSIVE EVIDENCE OF THIS WAIVER BY GUARANTOR.

 

            Despite these jury waivers, Real
Parties filed a jury demand and paid the fee, and the suit was placed on the
jury docket.  Relators
filed a motion to enforce the contractual jury waivers.  After a hearing on February 7, 2003, the trial
court orally denied the motion.  On February 19, 2003, the trial
court signed an order denying the motion. 
Relators then filed this petition for mandamus
relief.

II.  Standard of Review

            Mandamus relief is available if the
trial court clearly abuses its discretion, either in resolving factual issues
or determining legal principles, and there is no other adequate remedy at law.  Walker v. Packer, 827
S.W.2d 833, 839–40 (Tex. 1992).  A trial court
clearly abuses its discretion if “it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.”  Id. at 839.  To show abuse
of discretion in resolving factual issues, Relators
must show the trial court could reasonably have reached only one decision.  Id. at 839–40.  To show abuse
of discretion in determining legal principles, Relators
must show the trial court clearly failed to analyze or apply the law
correctly.  Id. at 840.  A trial court
has no “discretion” in determining what the law is or applying the law to the
facts.  Id.  Further, a court must construe an unambiguous
contract as a matter of law.  See Coker v. Coker, 650 S.W.2d 391, 393
(Tex. 1983); Mobil Exploration and Producing U.S., Inc v. Dover Energy Exploration, L.L.C., 56 S.W.3d
772, 776 (Tex. App.—Houston [14th
Dist.] 2001, no pet.).  Finally, Relators must also show they have no other adequate
remedy.  Walker, 827 S.W.2d at 840.

 

III.  Abuse of Discretion

            This mandamus petition presents an
issue of first impression in Texas.  The parties do not cite, and we have not
found, a Texas case
addressing the enforceability of contractual jury waivers.[3]  Nevertheless, in their sole issue, Relators contend the trial court abused its discretion by
refusing to enforce these unambiguous jury waivers.[4]  In response, Real Parties dispute the
enforceability of contractual jury waivers in general and these waivers in
particular.

A.        Is There A Conflict Between Louisiana and Texas Law On Enforceability Of
Contractual Jury Waivers?

            The parties disagree over what law
applies to the issue of enforceability of contractual jury waivers.  Relators contend Louisiana law, as
chosen by the parties, governs this issue, and Louisiana enforces
contractual jury waivers.  Real Parties
do not dispute that the parties chose Louisiana law in
their contracts.  However, they contend
contractual jury waivers should be unenforceable per se in Texas because Texas
constitutionally guarantees[5] the
right to a jury trial while Louisiana does not.[6]  They ask us to apply the choice of law
principles set forth in section 187 of the Restatement of Conflicts of Laws and
find Louisiana law
inapplicable to this dispute.  See Restatement
(Second) of Conflict of Laws § 187 (1971); see also  DeSantis
v. Wackenhut Corp., 793 S.W.2d 670, 677 (Tex. 1990)
(adopting section 187).[7]

            We need not engage in a choice of
law analysis under section 187 if there is no conflict between Louisiana and Texas law on the
disputed issue.  See Fraud-Tech, Inc. v. Choicepoint,
Inc., 102 S.W.3d 366, 377–78 (Tex. App.—Fort Worth 2003, no pet. h.) (citing Duncan v. Cessna Aircraft Co., 665
S.W.2d 414, 419 (Tex. 1984) and holding court need not decide which state’s law
applies if no conflict exists on the issues); Chesapeake Operating, Inc. v. Nabors
Drilling USA, Inc., 94 S.W.3d 163, 168–69 (Tex. App.—Houston [14th Dist.]
2002, no pet.) (reviewing Texas and Louisiana law on enforceability of
indemnity provisions before conducting choice of law analysis because “we need
not decide which law applies if it makes no difference.”); Young Refining Corp. v. Pennzoil Co., 46 S.W.3d 380, 385 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied) (finding choice of law analysis
unnecessary absent a conflict of law on the issues presented).  Therefore, we will examine the laws of both
states on enforceability of contractual jury waivers.

1.         Louisiana Enforces Contractual Jury
Waivers.

            Louisiana has
unequivocally upheld contractual jury waivers. 
In Cook v. Hibernia National Bank,
2002 WL 31336987 (La. Ct. App. Mar. 15, 2002), writ denied, 817 So.2d 98 (La. 2002), the court upheld the trial
court’s strike of a jury request where the parties had clearly and specifically
waived a jury trial in their contract, and the party opposing the waiver was an
experienced businesswoman.  Real Parties
cite no Louisiana authority
holding contrary to Cook or otherwise
prohibiting enforcement of contractual jury waivers.

 

2.         Does Texas Prohibit Contractual Jury
Waivers?

            As Real Parties contend, the Texas
constitution does indeed guarantee the right to a jury trial in a civil
case.  See Tex. Const. art. I, § 15 (“The right of
trial by jury shall remain inviolate.”); Tex.
Const. art.
V, § 10 (granting right to jury trial in district courts).  However, no Texas law
prohibits parties from waiving that constitutional right—whether contractually
or otherwise.[8]  In fact, parties can, and do, frequently
waive that right by (a) agreeing to a bench trial, see Am. Indus. Life Ins. Co. v. Ruvalcaba,
64 S.W.3d 126, 131 (Tex. App.—Houston [14th Dist.]  2001, pet. denied);
(b) failing to timely pay a jury fee, see
Tex. R. Civ.
P. 216; Higginbotham v. Collateral
Prot., Inc., 859 S.W.2d 487, 489–90 (Tex. App.—Houston [1st Dist.] 1993,
writ denied); (c) failing to timely request a jury trial, see Tex. R.
Civ. P. 216; Huddle v. Huddle, 696 S.W.2d 895 (Tex. 1985); (d) failing to appear for trial, see Tex. R. Civ. P. 220; and (e) failing to
object to a bench trial despite a properly perfected jury request, see Massey
v. Galvan, 822 S.W.2d 309, 318 (Tex. App.—Houston [14th Dist.] 1992, writ
denied).  In fact, the Texas Constitution
implies that the right to a jury trial can be waived by providing  “no jury shall be empaneled
in any civil case unless demanded by a party to the case, and a jury fee be
paid by the party demanding a jury.”  See Tex.
Const. art.
V, § 10.

             Although no Texas court has
directly addressed the enforceability of contractual jury waivers, Texas allows
parties to contractually waive the right to a jury trial by enforcing
arbitration agreements.  “It is clear
that when a party agrees to have a dispute resolved through arbitration rather
than judicial proceeding, that party has waived its right to a jury trial.” Massey, 822 S.W.2d at
318.  Although parties agreeing to
arbitrate waive considerably more than just the right to a jury trial,
arbitration is strongly favored under Texas law.  See
Prudential Sec. Inc. v. Marshall, 909 S.W.2d 896, 898 (Tex. 1995) (citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927,
941-42, 74 L. Ed.2d 765 (1983); Brazoria
County v. Knutson, 176 S.W.2d 740, 743 (Tex. 1943)).[9]

            Moreover, Texas has a
“strong commitment to the principle of contractual freedom” and its
“indispensable partner—contract enforcement.”  Chesapeake Operating, Inc.,
94 S.W.3d at 176 (quoting Churchill
Forge, Inc. v. Brown, 61 S.W.3d 368, 371 (Tex. 2001)); See also Lawrence v. CDB Servs., Inc., 44 S.W.3d 544, 553 (Tex. 2001)
(stating we have long recognized a strong policy of contractual freedom).  Although Real Parties emphasize that the
right to a jury trial in Texas is
constitutional, they do not cite, and we have not found, any persuasive
authority preventing parties from contractually waiving that right.[10]  See Dillee v. Sisters of Charity of Incarnate Word Health Care
Sys., 912 S.W.2d 307, 309 (Tex. App.—Houston [14th Dist.] 1995, no writ)
(stating constitutional rights may be waived contractually if done so
voluntarily, intelligently, and knowingly).[11]  

            Therefore, we reject Real Parties’
reliance on the Texas
constitution to create a conflict between Louisiana and Texas law on the
enforceability of contractual jury waivers. 
Because no conflict exists, we need not engage in a choice of law
analysis.  

B.        Are These Particular
Waivers Enforceable?

            We now turn to Real Parties’ other
reasons for not enforcing these jury waivers under the law of the state chosen
by the parties.  Real Parties contend the
waivers are not enforceable because (1) they are nullities even under Louisiana law; (2)
they were not executed by all Real Parties; and (3) they were not knowing and
voluntary.

1.         The Waivers Are Not
Nullities.

            Real Parties maintain that even
under Louisiana law, these
particular contractual jury waivers are “meaningless” nullities.  They assert Louisiana does not
allow a jury trial in a suit on a promissory note, and, therefore, the parties
could not waive a right that did not exist in the first place.  See LA.
CODE CIV. PROC. ANN. art. 1732(2) (providing trial by
jury shall not be available in a suit on an unconditional obligation to pay a
specific sum of money, unless the defense thereto is forgery, fraud, error,
want, or failure of consideration); Steptore v. Masco Constr. Co., 643 So.2d 1213, 1216 (La. 1994) (defining
waiver as intentional relinquishment of a known, existing right). 

            However, this argument contradicts
Real Parties’ entire position in this matter; they cite a rule purportedly
negating their right to a jury trial to prove these waivers were meaningless,
while maintaining they are entitled to a jury trial.  In any event, the right to a jury trial was
not necessarily non-existent when the parties executed the waivers.  First, article 1732(2) is a Louisiana procedural
rule applicable to suits brought in Louisiana.[12]  The note and guaranty do not reflect that any
future suits could only be brought in Louisiana.  Indeed, the underlying suit was brought in Texas where Real
Parties would ordinarily be entitled to request a jury trial if not for the
waiver.  Second, even if this suit were
pending in Louisiana, article
1732(2) allows a jury trial when a defendant asserts certain defenses to a suit
on a note.  See La. Code
Civ. Proc. Ann.
art. 1732(2).  Here, the parties could not anticipate when
they executed the waivers whether one of these defenses might later be
asserted.  Third, Louisiana allows a
jury trial on a compulsory counterclaim even if there is no right to jury trial
on the original claim.  See
La. Code Civ. Proc. Ann. art. 1731(C).  Here, the parties could not anticipate when
they executed the waivers whether a compulsory counterclaim might later be
asserted.  In fact, Real Parties have
filed a counterclaim concerning the note. 
Therefore, the contractual jury waivers were not meaningless at the time
they were executed.

2.         All Real Parties
Executed The Waivers.

            Real Parties also contend the jury
waivers are not enforceable because they are not all bound by them.  They acknowledge that Cyrus II executed the
note with a jury waiver, and Rafizadeh executed the
guaranty with a jury waiver.  However,
they contend Bahar did not execute a waiver because
it executed the note only on behalf of Cyrus II as its general partner.  We disagree.

            The waiver in the note states it is
given by “Maker.”  The note defines
“Maker” to include its “legal representatives.” 
Therefore, Bahar is bound by the waiver if it
is Cyrus II’s legal representative.  According to the note, Cyrus II is a
Louisiana partnership in commendam (limited
partnership), and Bahar is its general partner.  See
La. Civ. Code.
Ann. arts.
2836–44 (West 1994 and supp. 2003) (governing partnerships in
commendam).[13]  A partnership in commendam
must consist of at least one general partner and one partner in commendam (limited partner).  See id.
art. 2837.  A
general partner has the authority to bind the partnership, participate in the
management or administration of the partnership, or to conduct any business
with third parties on behalf of the partnership, but a partner in commendam has no such authority.  See id.
art. 2843.  As a
business entity, it was impossible for Cyrus II to execute the note except
through a legal representative.  Because
only a general partner may bind a partnership, and Bahar
was the general partner executing the note on Cyrus II’s
behalf, it was necessarily Cyrus II’s legal
representative.

            Further, the note provides “[i]f Maker consists of more than one person or party, the
obligations and liabilities of each such person or party shall be joint and
several.”  As a partnership, Cyrus II
consists of more than one person or party—including Bahar.  Therefore, Bahar is
jointly and severally bound by Cyrus II’s obligations
under the note, including the jury waivers.[14]

3.         Real Parties Failed
To prove The Waivers Were Not Knowing And Voluntary.

            Real Parties contend these jury
waivers are not enforceable because they were not entered into knowingly and
voluntarily.  However, the jury waivers
explicitly state they were given “knowingly and voluntarily” by the maker and
guarantor.  They further state the payee
is “authorized to file a copy of this paragraph in any proceeding as conclusive
evidence of this waiver. . . .”  Because Relators introduced this conclusive evidence that the
waivers were knowing and voluntary, the burden shifted
to Real Parties to show they were not knowing and voluntary.  See Emerald Tex., Inc. v. Peel, 920
S.W.2d 398, 402 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (stating burden was on party opposing enforcement of
arbitration agreement to prove it was unconscionable).  In view of the presumption the jury waivers
were valid, it was incumbent on Real Parties to rebut
the presumption. See Lowe Enter.
Residential Partners, L.P. v. Eighth Judicial Dist. Court, 40 P.3d 405, 410
(Nev. 2002)
(stating contractual jury waiver is presumptively valid unless the challenging
party can prove it was not knowing, voluntary, or intentional).[15]

            Real Parties suggest two reasons the
waivers were not knowing and voluntary. 
First, they claim there was no meaningful negotiation over the waivers
because the note and guaranty were standard forms submitted to them on a “take
it or leave it” basis.  However, Real
Parties presented no evidence in the court below supporting this claim.  They state they had no time to submit such
evidence because Relators’ motion was heard on short
notice.  However, the record reflects no
objection by Real Parties to the trial court regarding the lack of sufficient
notice and no request for additional time to present such evidence.  Therefore, they waived their complaint
regarding lack of sufficient notice and failed to meet their burden to prove
they had no opportunity to negotiate.[16]  See
Tex. R. App. P. 33.1.

            Real Parties also contend the jury
waivers were not knowing and voluntary because they could not know what claims
might accrue in the future.  Again, the
arbitration analogy refutes this contention. 
A party that contractually agrees to arbitration,
thereby waiving more than just the right to a jury trial, does not necessarily
know every claim that might accrue in the future; yet, arbitration
agreements are enforceable.  See Prudential
Sec. Inc., 909 S.W.2d at 898.  Moreover, because the waivers provide they
cover “each instance and each issue as to which the right to a trial by jury
would otherwise accrue,” they clearly encompassed any conceivable future
claims.  Therefore, Real Parties failed
to prove these waivers were not knowing and voluntary.

            Accordingly, because all Real
Parties knowingly and voluntarily executed contracts which contained provisions
explicitly waiving the right to a jury trial, the trial court abused its
discretion by refusing to enforce the waivers as written and setting this case on
the jury docket.

IV.  No Adequate Remedy by Appeal

            Having found the trial court abused
its discretion by refusing to enforce the contractual jury waivers, we must
determine whether Relators have an adequate remedy by
appeal.  Relators
claim they have no adequate remedy by appeal because they will be deprived of
the bargain for which they contracted. 
They cite cases allowing mandamus relief from a trial court’s refusal to
compel arbitration in accordance with a contractual arbitration agreement.  See
In re J.D. Edwards World Solutions, Inc.,
87 S.W.3d 546, 549 (Tex. 2002); Jack B. Anglin
Co., Inc. v. Tipps, 842 S.W.2d 266, 272–73 (Tex.
1992).  

            In Jack B. Anglin Co., the court recognized
“[a]bsent mandamus relief, [Relator]
would be deprived of the benefits of the arbitration clause it contracted for,
and the purpose of providing a rapid, inexpensive alternative to traditional
litigation would be defeated.”  842 S.W.2d at 272–73. 
Although a bench trial is not an alternative to traditional litigation
to the same degree as arbitration, Relators bargained
for a less costly and more expeditious resolution than a jury trial.  See
Lowe, 40 P.3d at 408 (citing judicial economy as one reason for enforcing
contractual jury waivers); Chase
Commercial Corp. v. Owen, 588 N.E.2d 705, 709  (Mass. App. Ct. 1992) (recognizing waivers
offer contracting parties potentially less costly and complicated litigation); Trizec Prop., Inc. v. Superior Court, 280 Cal.
Rptr. 885, 887 (Cal. Ct. App. 1991) (recognizing in
some commercial transactions, advance assurance that contractual disputes will
be resolved expeditiously in a court trial best serves the needs of the
contracting parties and the overburdened judicial system).  Relators will be
completely deprived of this contractual bargain if forced to complete a jury
trial before appealing the trial court’s refusal to enforce the jury
waivers.  Therefore, an appeal could not
remedy the error in denying Relators their
contractual right to a non-jury trial. 
“Although mandamus relief will not issue merely because an appellate
remedy may be more expensive and time-consuming than mandamus, it will issue
when the failure to do so would vitiate and render illusory the subject matter
of an appeal.”  Jack B. Anglin, 842
S.W.2d at 272.

            Further, to obtain reversal on
appeal, Relators would have to show that the trial
court’s refusal to enforce the jury waivers probably caused the rendition of an
improper judgment.  See Tex. R. App. P. 44.1(a)(1).  It would be
extremely difficult, if not impossible, for Relators
to demonstrate on appeal that a judgment would have been different if trial had
been to the bench, thus, rendering the value of the right to appeal illusory.[17] 

            Accordingly, we conclude Relators have no adequate remedy by appeal from the trial
court’s refusal to enforce the contractual jury waivers.

 

V.  Conclusion

            Having found the trial court abused
its discretion by refusing to enforce Relators’
contractual right to a non-jury trial, and Relators
have no adequate remedy by appeal, we sustain Relators’
sole issue and conditionally grant Relators’ petition
for writ of mandamus.  We are confident
the trial court will vacate its order of February 19, 2003 and will remove the underlying
case from the jury docket.  If the trial
court fails to do so, the writ will issue.

 

 

                                                                        /s/        John S. Anderson

                                                                                    Justice

 

 

Judgment
rendered and Opinion filed July 10,
 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

 

 











            [1]  The note and guaranty were executed in
connection with a commercial loan secured by an apartment complex in Louisiana.  Relators are the
trustee and servicer of a trust to which the note and
guaranty were eventually assigned.





            [2]  The note provides that it “shall be
interpreted, construed and enforced according to the laws of the State of Louisiana without
giving effect to the conflicts of law provisions thereof.”  Similarly, the guaranty provides that it
“shall be governed by and construed in accordance with the laws of the State of
Louisiana and the
applicable laws of the United
 States of America.”





            [3]  The only Texas case
concerning a contractual jury waiver is Rivercenter Associates
v. Rivera, 858 S.W.2d 366 (Tex.
1993).  However, the court did not
address the enforceability or constitutionality of the waiver because it found
the relator waived enforcement by waiting too long to
file its motion to quash the jury demand. 
Id. at 367–68.





            [4]  A trial court’s erroneous legal conclusion,
even in an unsettled area of law, is an abuse of discretion.  See Huie v. DeShazo,
922 S.W.2d 920, 927–28 (Tex. 1996); Lozano v. Lozano, 975
S.W.2d 63, 66 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).





            [5]  Real Parties cite Tex. Const. Art. I, § 15 (“The right of trial by jury shall
remain inviolate.”), and 
Tex. Const. Art. V, §
10(granting right to jury trial in District Courts).





            [6]  Louisiana does not constitutionally guarantee
the right to a jury trial in civil cases, see
Kimball v. Allstate Ins. Co., 712
So.2d 46, 60 (La. 1998), although it statutorily guarantees the right in many
instances.  See La. Code
Civ. Proc. Ann.
art. 1731–1736 (West 2003).





            [7]  Where the parties contractually choose the
law of a state other than the forum state, matters of remedy and procedure are
nonetheless governed by the law of the forum state.  See Owens-Corning Fiberglas Corp. v. Martin, 942 S.W.2d 712, 721
(Tex. App.—Dallas 1997, no writ). 
In particular, whether a party is entitled to a jury trial on a
particular claim is typically a procedural issue governed by the law of the
forum. See Restatement (Second) of Conflict of Laws § 129 (1971).  However, the issue here is not whether Real
Parties are entitled to a jury trial on the type of claim alleged.  Instead, the issue is the enforceability of
the contractual waiver of Real Parties’ entitlement to a jury trial.  With certain exceptions, issues regarding the
validity of a contract and contractual rights and duties are governed by the
law of the state chosen by the parties.  See Restatement
(Second) of Conflict of Laws § 187 (1971).  An exception exists when the law of the
chosen state would be contrary to a fundamental policy of a state which has a
materially greater interest than the chosen state in the particular issue, and
which under § 188 would be the state of the applicable law in the absence of an
effective choice of law provision.  See id. § 187(2)(b).  Real Parties argued to the trial court that
enforceability of the jury waivers is a procedural issue governed by Texas law.  However, in response to the mandamus
petition, they apparently concede that enforceability of the waivers is a
substantive, contractual issue, but they still argue Texas law
applies under the choice of law principles of section 187.  Specifically, they assert the constitutional
right to a jury trial in Texas is so
sacred and inviolate that enforcing contractual jury waivers is repugnant to a
fundamental Texas policy.





            [8]  The majority of states that have considered
contractual jury waivers have concluded they are enforceable if knowing,
voluntary, and intentional despite the right to a jury trial contained in their
own constitutions.  See generally Lowe Enter. Residential Partners, L.P. v. Eighth Judicial
Dist. Court, 40 P.3d 405, 408–10 (Nev. 2002) (upholding contractual jury
waivers and discussing numerous other jurisdictions that enforce them); Jay M. Zitter, Contractual
Jury Trial Waivers in State Civil Cases, 42 A.L.R.5th 53, 71 (1996)
(stating “vast majority” of courts hold, at least in the abstract, that
contractual waivers will be enforced). 
Further, federal courts enforce contractual jury waivers despite the
right to a jury trial contained in the Seventh Amendment to the United State
Constitution.  See, e.g. Leasing Serv. Corp. v. Crane, 804
F.2d 828, 832 (4th Cir. 1986) (“The seventh amendment right is of course a
fundamental one, but it is one that can be knowingly and intentionally waived
by contract.”); RDO Fin. Servs. Co. v.
Powell, 191 F. Supp.2d 
811, 813 (N.D. Tex. 2002) (rejecting argument that constitutional
right to jury trial renders contractual jury waivers invalid).





            [9]  See
also Telum, Inc. v. E.F. Hutton Credit Corp., 859
F.2d 835, 838 (10th Cir. 1988) (stating arbitration analogy appropriate because
submission to arbitration “involves a greater compromise of procedural
protections than does the waiver of the right to trial by jury.”); Chase Commercial Corp. v. Owen, 588
N.E.2d 705, 709 (Mass. App. Ct. 1992) (recognizing contractual jury waivers
call for “deprivations less severe than agreements to arbitrate.”).





            [10]  Instead, Real Parties cite a decision from Georgia–the only
state holding pre-litigation contractual jury waivers are per se unenforceable.  See Bank South, N.A. v. Howard, 444 S.E.2d
799, 800 (Ga. 1994); see also RDO Fin. Servs., 191 F. Supp.2d at 812
n.4 (stating Georgia appears to
be the only state to find contractual jury waivers unenforceable).  The Bank
South court reasoned that the Georgia constitution and statutes do not
provide for jury waivers, Georgia statutes contemplate that litigation must be
underway before a party can waive the right to a jury trial, and jury waivers
are analogous to pre-litigation confessions of judgment which are
unenforceable.  444
S.E.2d at 800.  However, Georgia’s position
has been criticized.  See, e.g. Edward Wood Dunham, Enforcing Contract Terms Designed to Manage
Franchisor Risk, 19 FRANC. L.J. 91, 96 (2000)
(characterizing Georgia’s approach
as extreme and unusual).  Further, we
find the Bank South dissent
well-reasoned because it recognized that parties should be free to contract
about any subject matter they so desire. Bank
South, 444 S.E.2d at 801.  It also criticized the majority’s confession
of judgment analogy because a confession of judgment is a substitute for a
verdict with a party forfeiting the right to any trial whatsoever. Id.
Conversely, with a jury waiver, a party forfeits only the right to a jury trial
while retaining all other rights to litigate the dispute in a bench trial.  Id.  We decline
Real Parties’ invitation to apply the rationale of Bank South.





            [11]  Other jurisdictions have  recognized contractual freedom as a
reason for enforcing contractual jury waivers. 
See Lowe, 40
P.3d at 409–11; L & R Realty v. Conn. Nat’l. Bank, 715 A.2d 748, 755 (Conn. 1998).





            [12]  See note
7 above (discussing law of forum state applicable to purely procedural issues).





            [13]  Real Parties apparently do not contest the
application of Louisiana law to
this issue of whether all parties are bound by the waivers because they cite Louisiana law in
support of their position.





            [14]  In addition, Bahar’s
position is contradictory because it maintains it is not bound by the note for
purposes of enforcing the jury waiver, yet it has individually asserted
counterclaims including breach of contract as if it were a party to the note; Bahar cannot have it both ways.





            [15]  See
also K.M.C. Co., Inc. v. Irving Trust
Co., 757 F.2d 752, 758 (6th Cir. 1985) (placing burden to show waiver was
not knowing and voluntary on party opposing it); L & R Realty, 715 A.2d at 755 (recognizing most information
necessary to disprove waiver was knowing and voluntary is likely to be in the
hands of party opposing enforcement); but
see Leasing Serv. Corp., 804 F.2d at 833 (party
seeking enforcement of waiver must prove consent was knowing and intentional); RDO Fin. Servs.,
191 F. Supp.2d at 813 (recognizing split among circuits on which party bears
the burden of proof but placing burden on party seeking to enforce waiver).





            [16]  Other jurisdictions have set forth several
factors for determining whether a contractual jury waiver was knowing and
voluntary: (1) the parties’ negotiations concerning the waiver, if any; (2) the
conspicuousness of the provision; (3) the relative bargaining power of the
parties; and (4) whether the waiving party’s counsel had an opportunity to
review the agreement.  See, e.g. Lowe, 40 P.3d 405, 410–11; see also RDO Fin. Servs.,
191 F. Supp.2d 811, 813–14 (applying similar factors).  Although Real Parties challenge only the
opportunity to negotiate factor, the other factors are established in the
record.  The waivers are certainly
conspicuous; they are boldfaced, all capital letters, and set off in separate
paragraphs.  See L & R Realty, 715 A.2d at 756
(finding waivers conspicuous where boldfaced and located in separate
paragraphs).  There was equality
in bargaining power because Real Parties are business entities and an officer; Rafizadeh testified by deposition that she owns fifteen or
sixteen other business entities and owns properties worth in excess of $100
million dollars.  See Leasing Serv. Corp., 804 F.2d at 833
(finding no inequality in bargaining positions where parties opposing waiver
were manifestly shrewd businessmen who had been conducting the same type of
business successfully for sixteen years). 
Finally, Ravizadeh testified that her attorney
reviewed the closing documents for the transaction in question.





            [17]  Some other jurisdictions have found mandamus
relief appropriate to enforce contractual jury waivers.  See
Lowe, 40 P.3d at 408; Trizec Prop., 280 Cal. Rptr. at 887.  The Lowe court concluded its petitioner had
no adequate remedy at law because it would face too difficult a burden upon
appeal; this burden would be too difficult because Nevada law
requires an appellant to show an error substantially affected its rights and,
in the absence of such error, the outcome of the case would have been
different.  See Lowe, 40 P.3d at 408.