S93G1658. BANK SOUTH, N.A. v. HOWARD.
(444 SE2d 799)

BENHAM, Presiding Justice.

Bank South sued Howard on a guaranty which contained a provision in which Howard purported to waive the right to a jury trial in any action on the guaranty. Based on that provision, the trial court struck Howard's demand for jury trial. The Court of Appeals reversed the trial court's judgment, holding that a valid waiver of jury trial must be knowing and voluntary, and that since Howard could not have known when he signed the guaranty contract what the basis and circumstances of a future claim on the guaranty might be, his waiver could not have been knowing and voluntary. *Howard v. Bank South, N.A.*, 209 Ga. App. 407 (4) (433 SE2d 625) (1993). We granted certiorari to consider whether a pre-litigation contractual waiver of jury trial is enforceable under the laws of Georgia.

Civil litigants in this state's courts are guaranteed the right to a jury trial by the Constitution of Georgia[1] and the Civil Practice Act.[2] Waiver of that right is a matter which is "carefully controlled" by statute. *Manderson &c. v. Gore*, 193 Ga. App. 723 (5) (389 SE2d 251)

---

[1] Ga. Const. 1983, Art. I, Sec. I, Par. XI.
Right to trial by jury; number of jurors; selection and compensation of jurors.
(a) The right to trial by jury shall remain inviolate, except that the court shall render judgment without the verdict of a jury in all civil cases where no issuable defense is filed and where a jury is not demanded in writing by either party.
[2] OCGA § 9-11-38. Right to jury trial.
The right of trial by jury as declared by the Constitution of the state or as given by a statute of the state shall be preserved to the parties inviolate.

(1989). The constitutional guarantee of the right to trial by jury refers to two circumstances in which the right may be waived: when no issuable defense is filed and when the parties fail to demand a jury trial. OCGA § 9-11-39 (a) provides for waiver by express stipulation, either written and filed in the record or made orally in open court. By their terms, both the statute and the Constitution plainly contemplate the pendency of litigation at the time of the waiver. We conclude, therefore, that pre-litigation contractual waivers of jury trial are not provided for by our Constitution or Code and are not to be enforced in cases tried under the laws of Georgia.

Our conclusion is bolstered by the similarity between waiver of jury trial and confession of judgment. Like a waiver of jury trial, a confession of judgment entails giving up valuable rights.[3] Both are provided for by statutes which, by their terms, contemplate the pendency of litigation.[4] As to both acts, the Court of Appeals has held that foreign judgments based on pre-litigation contractual provisions are not contrary to the policy or laws of this state. *Melnick v. Bank of Highwood*, 151 Ga. App. 261 (1) (259 SE2d 667) (1979), for confessions of judgment; *Manderson &c.*, supra, for jury trial waivers. Waiver of jury trial and confession of judgment differ, however, in that this court has been silent with regard to pre-litigation waivers of jury trial, but has made clear that the only type of confession of judgment recognized in litigation in this state is that which arises after the commencement of litigation. *Information Buying Co. v. Miller*, 173 Ga. 786 (1) (161 SE 617) (1931).

Given the similarity of waivers of jury trial and confessions of judgment, and considering the magnitude of the rights involved and the probability of abuse that exists in both situations, waivers of jury trial are sufficiently analogous to confessions of judgment that the same rule should apply.[5] Accordingly, we hold, as stated above, that

---

[3] The expression "confession of judgment," as contained in the code section, has reference to the act of the defendant whereby he admits or confesses the right of the plaintiff to take a judgment against him . . . .
*Thomas v. Bloodworth*, 44 Ga. App. 44, 46 (160 SE 709) (1931).

[4] As to waiver of jury trial, see footnotes 1 and 2, supra; as to confession of judgment, see OCGA § 9-12-18 (b):
No confession of judgment shall be entered except in the county where the defendant resided at the commencement of the action unless expressly provided for by law. The action must have been regularly filed and docketed as in other cases. . . .

[5] In sharp contrast to both waiver of jury trial and confession of judgment is the legislative approach to the issue of arbitration.
In 1988, the General Assembly extensively revised the statutory provisions governing arbitration, repealing the existing common-law arbitration and construction contract arbitration statutes and enacting the "Georgia Arbitration Code," OCGA § 9-9-1 et seq. The stated intention of the General Assembly in revising the Arbitration Code was to extend the enforcement of arbitration in Georgia from construction contracts to all contracts in which the parties have agreed

pre-litigation contractual waivers of the right to trial by jury are not enforceable in cases tried under the laws of Georgia.

*Judgment affirmed. All the Justices concur, except Fletcher and Sears-Collins, JJ., who dissent. Hunt, C. J., disqualified.*

SEARS-COLLINS, Justice, dissenting.

I disagree with the majority's conclusion that contractual waivers of the right to trial by jury are unenforceable.

1. The provision in our Constitution that "[t]he right to trial by jury shall remain inviolate" means only that the right to trial by jury as it existed in England at the time this paragraph was adopted into our State Constitution shall remain unaltered. *Wright v. Davis*, 184 Ga. 846, 852 (193 SE 757) (1937). The foregoing phrase does not expressly state, nor does it imply, that the right to trial by jury may not be waived in the same manner as any other constitutional right. However, because Art. I, Sec. I, Par. XI and OCGA § 9-11-39 set forth certain circumstances in which a party may waive the right to trial by jury and because those circumstances deal with waivers once litigation has commenced, the majority holds that pre-litigation waivers are precluded.

I find that no such affirmative conclusion can be drawn from Art. I, Sec. I, Par. XI and OCGA § 9-11-39. These provisions do not provide that their methods by which the right to a jury trial can be waived are exclusive, and it is just as likely as not that the drafters of the Constitution and the statute did not even consider whether pre-litigation waivers were appropriate. I find that the ambiguity created by the silence of Art. I, Sec. I, Par. XI and § 9-11-39 on this issue should be resolved in favor of the right to contract for such waivers. In this regard, "[p]arties are free, except as prohibited by statute or public policy, to contract on any terms and about any subject matter they so desire," *Duffett v. E & W Properties*, 208 Ga. App. 484, 487 (430 SE2d 858) (1993), and any "impairment of that right [to contract] must be specifically expressed or necessarily implied by the legislature in a statutory prohibition and not left to speculation," *Porubiansky v. Emory Univ.*, 156 Ga. App. 602, 603 (275 SE2d 163) (1980), aff'd 248 Ga. 391 (282 SE2d 903) (1981). Here, Art. I, Sec. I, Par. XI and § 9-11-39 do not expressly impair the ability to contract for pre-litigation waivers, nor do they necessarily imply such an impairment; they simply leave a court to speculate on the point. For this reason, they should not be construed to contain such an impairment.

---

to arbitration in writing.
*Weyant v. MacIntyre*, 211 Ga. App. 281 (1) (438 SE2d 640) (1993).
The legislature has not similarly extended the provisions for either waivers of jury trial or confessions of judgment.

Furthermore, I note that a majority of the courts that have considered the question have concluded that pre-litigation waivers of a constitutional right to a trial by jury are valid and enforceable. See *Telum, Inc. v. E. F. Hutton Credit Corp.*, 859 F2d 835 (10th Cir. 1988), cert. denied, 490 U. S. 1021 (1989); *Gaylord Dept. Stores v. Stephens*, 404 S2d 586, 588 (Ala. 1981); Annot., 73 ALR2d 1332, 1333 (1960). In fact, courts should readily place their imprimateur on such provisions for several reasons. First, by avoiding the delays and expense inherent in jury trials, they economize litigation for the parties and for an already overburdened court system, thus furthering the public interest. Moreover, in most situations, at the time of entering a contract containing such a waiver, the parties can readily understand the nature of any disputes that might arise based on the contract and can make a knowing and intelligent decision whether to waive their right to a jury trial in the event a dispute does arise.[6]

2. Finally, the majority errs by analogizing the waiver of the right to trial by jury to a confession of judgment and by concluding that because we have held that a confession of judgment can only arise after the commencement of litigation, we should hold that a waiver of the right to trial by jury may only occur after litigation has started. First, a confession of judgment and a waiver of the right to jury trial are not similar in their impact. With a confession of judgment, a defendant forfeits a panoply of constitutional and statutory rights, including the right to any trial whatsoever. With a waiver of the right to trial by jury, a party forfeits only the right to a jury trial while retaining all other rights available under the law to litigate the dispute in a bench trial.

Moreover, the rationale that this Court has given for holding that a confession of judgment must occur after litigation commences does not apply to a waiver of a right to trial by jury. We have held that a confession of judgment is "the substitute for a verdict," *Information Buying Co. v. Miller*, 173 Ga. 786, 791 (161 SE 617) (1931), and thus, "as the verdict can not be taken until the suit is filed, it seems clear that a confession of judgment, which takes its place, can not be made prior to the institution of the suit," id. As a waiver of the right to trial by jury is not a substitute for a verdict, the reasoning of *Information Buying Co.* is inapplicable to this case.

3. For the foregoing reasons, I must dissent to the majority's speculation that Art. I, Sec. I, Par. XI and § 9-11-39 were intended to impair the freedom of the citizens of this State to contract for the right to have disputes arising from their contract resolved through a

---

[6] I express no opinion regarding whether contractual waivers of the right to trial by jury may be voided due to unconscionability or other similar considerations.

bench trial.

I am authorized to state that Justice Fletcher joins in this dissent.

DECIDED JULY 11, 1994.

*Kilpatrick & Cody, H. Quigg Fletcher III, Matthew H. Patton, Lisa S. Edwards,* for appellant.

*Branch, Pike & Ganz, Burt DeRieux, Keith J. Reisman, Daryl G. Clarida, Tanya M. Ashley, Cook & Palmour, Bobby Lee Cook,* for appellee.