S94A1096. AMERICAN SOUTHERN FINANCIAL, LTD. v. YANG et al.
(448 SE2d 450)

THOMPSON, Justice.

We granted an interlocutory appeal in this case to consider appellant's assertion that a jury waiver provision in a commercial lease agreement is enforceable. Appellant's assertion is controlled adversely by our decision in *Bank South, N.A. v. Howard*, 264 Ga. 339 (444 SE2d 799) (1994), in which we held that pre-litigation contractual waivers of jury trial are not enforceable in cases tried under the laws of Georgia. Accordingly, we affirm the trial court's ruling.

*Judgment affirmed. All the Justices concur, except Hunt, C. J., Fletcher and Sears-Collins, JJ., who dissent.*

HUNT, Chief Justice, dissenting.

In her well-reasoned dissent to *Bank South, N.A. v. Howard*, 264 Ga. 339 (444 SE2d 799) (1994), Justice Sears-Collins pointed out that the majority's opinion prohibiting parties to a contract from waiving the right to a jury trial was unsupported by logic or authority. That dissent applies even more strongly in this purely commercial case. The majority's decision in *Bank South* and in this case is, I fear, based on a form of well-meaning, but misguided, paternalism. When parties to a contract waive the right to a jury trial regarding a dispute over that contract, they are not giving up their right to maintain or defend their position in any dispute. Rather, they are simply agreeing not to seek a jury trial. Thus, as pointed out by the dissent in *Bank South*, the majority's analogy in *Bank South* of a right to jury trial to a confession of judgment is totally inapposite. 264 Ga. 339, 342. It makes no sense not to allow two parties to agree to resolve their dispute in some forum, of which there are many, other than a time-con-

suming, expensive jury trial. This is particularly true in a commercial contract, such as the one in this case, between two businesses. If the majority's concern is that the parties to a contract may not be on equal footing, and one may take advantage of the other to obtain a waiver of a jury trial, there are traditional means to invalidate such a waiver (fraud, mistake, misrepresentation, undue influence, contracts of adhesion) without creating a general prohibition against contractual agreements not to do battle before a jury.

This court, which has approved the use of mediation and other non-judicial forums to resolve disputes, *Dept. of Transp. v. City of Atlanta*, 259 Ga. 305, 308 (380 SE2d 265) (1989) and established the Commission on Alternative Dispute Resolution four years ago should applaud, not reject, an agreement between two parties to resolve a dispute without the intervention of a jury. In sum, the majority opinions in *Bank South*, and in this case, have no legal authority, do not support any public policy, and, indeed, contravene the policy favoring freedom of contract, and our own stated goal of encouraging dispute resolutions that are less expensive and time-consuming than jury trials.

I am authorized to state that Justice Fletcher and Justice Sears-Collins join in this dissent.

FLETCHER, Justice, dissenting.

For the reasons stated in the dissent in *Bank South, N.A. v. Howard*, 264 Ga. 339, 341 (444 SE2d 799) (1994), I would hold that a jury waiver provision in a commercial lease agreement is enforceable. Therefore, I respectfully dissent.

I am authorized to state that Chief Justice Hunt and Justice Sears-Collins join in this dissent.

DECIDED OCTOBER 3, 1994.

*Marshall H. Jaffe,* for appellant.
*Daniel F. Byrne, David J. Couch,* for appellees.