NO. 07-05-0052-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 30, 2005

______________________________

CHRISTOPHER HILLIARD, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 331
ST
 DISTRICT COURT OF TRAVIS COUNTY;

NO. 2,040,196; HON. FRED MOORE, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Christopher Hilliard (appellant) appeals his conviction for possessing a controlled substance, namely cocaine.  His two issues concern 1) the trial court’s refusal to grant his motion to continue and 2) the effectiveness of counsel.  We affirm the judgment.

First Issue – Continuance

Appellant argues that the trial court erred in refusing to grant his motion to continue the trial.  We overrule the issue.

The motion was made on the day of trial, though the trial had been set some two months earlier.  Furthermore, appellant contends on appeal that the continuance was needed so a defense expert could ascertain whether the several rocks of cocaine found on his person were actually cocaine.
(footnote: 1)  Appellant did and does not suggest that they were something else.  Nor does he cite us to either argument or evidence of record indicating that they were anything other than cocaine.  Indeed, at the hearing, appellant represented to the trial court that laboratory reports obtained from the State revealed the substance to be approximately 1.1 grams of crack cocaine.  So too did appellant eventually admit, when pleading guilty, that the substance was more than one but less than four grams of cocaine.  Given this, we conclude that the trial court did not abuse its discretion in refusing to grant a continuance on the day of trial.  
See Wright v. State
, 28 S.W.3d 526, 532-33 (Tex. Crim. App. 2000) (holding that the trial court did not abuse its discretion when it denied the defendant’s motion to continue made on the day of trial and after knowing for some time the issues upon which an expert would be needed).      

Issue Two – Effective Assistance

Next, appellant contends that his counsel was ineffective because he did not ask for the aforementioned expert earlier.  We overrule the issue.

One claiming ineffective assistance of counsel must establish not only that his counsel was deficient but also that the deficiency was prejudicial.  
Bone v. State
, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  And, to be prejudicial, the record must show that there exists a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  
Id
.  This occurs when the circumstances undermine our confidence in the outcome of the proceeding.  
Id.
  Moreover, if either or both prongs of the test go unsatisfied, then the claim must be rejected. 

As previously stated, appellant cites us to nothing of record suggesting that the substance was anything but cocaine.  Moreover, he admitted that it was.  And, given his five prior convictions for possessing drugs, the evidence of his dependence upon and, thus, familiarity with, cocaine, and his admission that he and his friends were smoking crack cocaine prior to being arrested, we find nothing undermining our confidence in the outcome of the proceeding.  In short, appellant did not establish that there existed a reasonable probability that had an expert been appointed to determine whether the substance was cocaine, the result of the proceeding would have differed.    

The judgment is affirmed.

Brian Quinn

          Chief Justice

 

Do not publish.to distinguish themselves from the general principles of law applicable to abritration, they question whether the written waiver of the right to trial by jury “embedded” in the Agreement into which they were induced by fraud is enforceable.  They argue that precedent should be disregarded based on the importance of their constitutional right to a jury trial.

 The right to a trial by jury shall remain inviolate.  Tex. Const. art. V, §10.  However, Texas law does not prohibit a party from contractually waiving its constitutional right to a trial by jury.  
In re Prudential Ins. Co. of America
, 148 S.W.3d at 132-33.  Contractual jury waivers do not violate public policy and are enforceable.  
Id.
 at 129-33.  Parties frequently waive their right to a jury trial whether contractual or otherwise.  
See generally
 
In re Wells Fargo Bank Minnesota N.A.
, 115 S.W.3d 600, 606 (Tex.App.–Houston 14th Dist.] 2003, orig. proceeding) (agreeing to a bench trial [citations omitted], failing to timely pay a jury fee [citations omitted], failing to timely request a jury trial [citations omitted], failing to appear for trial [citations omitted], and failing to object to a bench trial despite a properly perfected jury request [citations omitted]). 
 Texas allows parties to contractually waive the right to a jury trial by enforcing arbitration agreements.  
Id.
 at 607 (citing 
Massey v. Galvan
, 822 S.W.2d 309, 318 (Tex.App.–Houston [14th Dist.] 1992, writ denied) (“[i]t is clear that when a party agrees to have a dispute resolved through arbitration rather than a judicial proceeding, that party has waived its right to a jury trial.”) 

Additionally, the Supreme Court recently rejected treating a waiver of a jury trial differently than arbitration clauses.  
See In re Bank of America
, 
N.A.
, 278 S.W.3d 342, 343-44 (Tex. 2009) (per curiam).  The Court clarified 
In re Prudential Ins. Co. of America
, 148 S.W.3d 124 (Tex. 2004), and held that it does not impose a presumption against jury waivers that places the burden on the party seeking enforcement to prove that the waiver was executed knowingly and voluntarily.  
In re Bank of America
, 
N.A.
, 278 S.W.3d at 346. 

A conspicuous jury waiver provision is prima facie evidence of a knowing and voluntary waiver and shifts the burden to the opposing party to rebut it.  
In re General Elec. Capital Corp.
, 203 S.W.3d 314, 316 (Tex. 2006) (per curiam).  The Court has always presumed that a party who signs a contract knows its contents.  
In re Bank One
, 
N.A.
, 216 S.W.3d 825, 826 (Tex. 2007).  As long as there is a conspicuous waiver provision, Relators are presumed to know what they were signing.  “[P]arties strike the deal 
they 
choose to strike and, thus, voluntarily bind themselves in the manner 
they
 choose.  And, that is why parties are bound by their agreement as written.”  
Cross Timbers Oil Co. v. Exxon Corp.
, 22 S.W.3d 24, 26 (Tex.App-Amarillo 2000, no pet.).  The jury waiver provision included in the arbitration clause is in all capital letters and stands out from the language pertaining to arbitration.  It is sufficiently conspicuous to serve as prima facie evidence that Relators, Watkins and Blankenship, who both executed the Agreement, knowingly and voluntarily waived their right to a jury trial.  

Relators allege fraud in the inducement of the entire Agreement and not solely in execution of the arbitration clause containing the jury waiver provision.  Such a general allegation is insufficient to shift the burden to McKenney to produce a knowing and voluntary waiver.  
In re Bank of America
, 
N.A.
, 278 S.W.3d at 345-46.  If a party could simply allege fraud on the entire transaction in order to nullify a jury waiver provision, there would hardly ever be a circumstance when waiver provisions could be enforceable.  
Id.

Statutes compel arbitration if an arbitration agreement exists.  Tex. Civ. Prac. & Rem. Code Ann. § 171.021(a).  More importantly, Texas law favors arbitration.  
In re Poly-America
,
 L.P.
, 262 S.W.3d at 348.  The Court has determined, “[w]e see no reason why there should be a different rule for contractual jury waivers.”  
In re Bank of America
, 
N.A.
, 278 S.W.3d at 346.  Relators have failed to rebut prima facie evidence that they knowingly and voluntarily agreed to waive a jury trial.  We disagree with their contention that the waiver provision of the right to a jury trial “embedded” in the arbitration clause is unenforceable. 

III. Order Quashing McKenney’s Notice of Deposition

Relators assert the trial court abused its discretion in granting McKenney’s motion to quash his notice of deposition.  They assert a need for discovery to prove they were fraudulently induced into entering into an Agreement with McKenney to take J.W. Resources public.

The Legislature has mandated that a motion to compel arbitration be decided summarily and in an expedient manner.  
Jack B. Anglin Co.
, 
Inc.
, 842 S.W.2d at 269.  A trial court has no discretion to defer ruling on the motion pending discovery.  
In re Champion Technologies
, 
Inc.
, 173 S.W.3d 595, 599 (Tex.App.–Eastland 2005, orig. proceeding).  To do so would defeat the goal of resolving arbitration issues expeditiously. 
 Id.
  We conclude the trial court did not abuse its discretion in granting McKenney’s motion to quash his notice of deposition. 

IV.
 
McKenney’s Request For Attorney’s Fees

McKenney asserts that Relators’ Petition for Writ of Mandamus is groundless and  he should be reimbursed for attorney’s fees incurred to defend the trial court’s orders.  He relies on Rule 52.11 of the Texas Rules of Appellate Procedure.  However, the contention is not briefed.  

This Court must exercise the discretion afforded by Rule 52.11 with caution and only after careful deliberation.  
In re Lerma
, 144 S.W.3d 21, 26 (Tex.App.–El Paso 2004, orig. proceeding).  The denial of mandamus relief does not automatically establish that a petition was so clearly groundless as to warrant sanctions.  
Id.  
In 
Twist v. McAllen Nat. Bank
, 248 S.W.3d 351, 364-68 (Tex.App.–Corpus Christi 2007, mandamus denied and appeal dism’d), the court held a show cause hearing and determined that sanctions were appropriate under Rule 52.11 in a case with a “long and arduous history.”  Counsel misstated the law to the court in Twist’s petition.  When confronted by the court, counsel backtracked and amended his petition to delete the misstatements.  
Id
. at 366.  The court also noted that Twist’s petition failed to address or acknowledge controlling authority on a point directly contrary to Twist’s argument.  
Id.
 at 367.  Sanctions were also imposed due to the identical arguments having been raised in a previous mandamus which the court had denied.  The court found that Twist’s counsel knowingly and in bad faith filed a second petition for writ of mandamus.  
Id.
 

The circumstances presented in the mandamus proceeding before us do not rise to the level requiring imposition of sanctions.  We decline to award McKenney fees under Rule 52.11.
(footnote: 3)
Conclusion

Relators did not establish a defense to enforcement of arbitration.  They did not allege fraud in the inducement of the arbitration provision sufficient to shift the burden to McKenney of proving a knowing and voluntary waiver of a jury trial.  Thus, the trial court correctly applied the law and ordered the parties to arbitration and stayed the proceedings.  Relators have not established a clear abuse of discretion.  Neither have they shown that a direct appeal following arbitration would be inadequate to address their contentions that the Letter of Agreement was induced by fraud.  Resultantly, they have not demonstrated entitlement to mandamus relief.
(footnote: 4)  

The Petition for Writ of Mandamus is denied.

Patrick A. Pirtle

      Justice

  

FOOTNOTES
1:
This argument was not asserted below.

3:
4: