IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 05-0482
════════════
 
In re General Electric 
Capital Corporation, Relator
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
PER CURIAM
 
Justice O’Neill did not participate in 
the decision.
In this 
mandamus proceeding, we consider whether a party, who did not receive notice of 
a jury demand, nevertheless waived its contractual right to a non-jury trial by 
failing to notice that the case had been moved to the jury docket. When the 
party finally noticed that the case was no longer on the non-jury docket, it 
moved to strike the jury demand, but the trial court denied the motion. We 
conclude that the trial court abused its discretion in refusing to enforce the 
jury waiver because the contractual provision was not proven to be invalid nor 
impliedly waived by the knowing conduct of the party seeking its enforcement. 

Neal C. Small 
executed a $2,700,000 promissory note payable to General Electric Capital 
Corporation to finance the purchase of a jet, and NCS Lear, Inc. executed a 
guaranty. Both the note and the guaranty contained jury waiver provisions. Years 
later, Small defaulted on the note. General Electric thereafter repossessed the 
jet and sued Small and NCS Lear for $1,408,878.74, the balance of the debt.
General 
Electric requested a non-jury trial in its original petition, attaching copies 
of the note and guaranty to document the jury waiver, and the case was set on 
the non-jury docket. Several months later, Small filed a jury demand and paid 
the jury fee; however, General Electric claims it did not receive notice of this 
demand. Thereafter, the case was twice reset for trial, and each time the trial 
court sent a form letter to the parties, indicating that the case was on the 
jury docket. After about ten months, General Electric finally noticed that its 
case was not on the non-jury docket. After confirming that this was not a 
clerical mistake, General Electric moved to strike Small’s jury demand, claiming 
that it had not been given notice. When the trial court refused to return the 
case to the non-jury docket, General Electric sought mandamus relief, but the 
court of appeals also declined to enforce the jury-waiver provision. 
General 
Electric claims that it is entitled to enforce its contractual jury waiver 
because Small failed to serve notice of his jury demand, and General Electric 
promptly requested that the case be returned to the non-jury docket after 
learning of the demand. Small contends, however, that he did send notice, and 
that even if General Electric did not receive that notice immediately, it 
nevertheless waived its contractual right by failing to raise the issue for ten 
months. In this regard, Small submits the case is like Rivercenter Associates 
v. Rivera, 858 S.W.2d 366 (Tex. 1993), a mandamus case in which we declined 
to enforce a contractual jury waiver because of the relator’s lack of diligence 
in asserting its rights.
In 
Rivercenter, we observed that mandamus was a discretionary writ, largely 
controlled by equitable principles, which are to benefit “the diligent and not 
those who slumber on their rights.” Id. at 367 (quoting Calahan v. 
Giles, 155 S.W.2d 793, 795 (Tex. 1941)). The record there revealed that 
“Rivercenter was sent notice on the day the jury demand was filed, yet for no 
apparent reason delayed filing its motion to quash [for over four months].” 
Id. We concluded that Rivercenter was not entitled to mandamus relief to 
enforce its contractual right because the record did not show a justification 
for Rivercenter’s delay in pursuing its right to a non-jury trial. Id. at 
367-68.
Unlike the 
circumstances in Rivercenter, General Electric had already asserted its 
contractual right to a non-jury trial when Small filed his jury demand. 
Moreover, unlike Rivercenter, General Electric explains its delay in 
moving to quash the demand as a consequence of Small’s failure to send notice. 
Small disputes this, but there is nothing in the record to document his 
assertion that he served the demand on General Electric. Thus, the issue here is 
not whether General Electric was diligent in asserting its contractual right in 
the first place, but rather whether General Electric waived its right to a 
non-jury trial by failing to notice the docket change over a ten month 
period.
The court’s 
first trial setting indicated that the case would be tried to the court. That 
information was provided in a form letter that included the following three 
lines:
(1) 
Pre-trial:
(2) Jury 
trial:
(3) 
Non Jury trial:         
06/01/04          9:30 
A.M. 
That setting 
was passed, and the case was subsequently moved to the jury docket, following 
Small’s jury demand. The trial settings from the court thereafter indicated the 
date and time for the trial on line (2) opposite “Jury trial.” It was not until 
the third such setting that General Electric finally noticed that the case had 
been moved to the jury docket. Small suggests that we imply from these 
circumstances that General Electric waived its contractual right to a non-jury 
trial. But General Electric maintains that it did not immediately notice when 
the case was moved to the jury docket because it never received a copy of 
Small’s jury demand. General Electric submits that it did nothing inconsistent 
with its previous asserted right to a non-jury trial, other than fail to notice 
a subtle change in the court’s form letter.
Waiver 
requires intent, either the “intentional relinquishment of a known right or 
intentional conduct inconsistent with claiming that right.” Sun Exploration 
& Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987) (citing Mass. 
Bond & Ins. Co. v. Orkin Exterm. Co., 416 S.W.2d 396, 401 (Tex. 1967)). 
In Jernigan v. Langley, we explained that:
 
Waiver is 
largely a matter of intent, and for implied waiver to be found through a party’s 
actions, intent must be clearly demonstrated by the surrounding facts and 
circumstances. There can be no waiver of a right if the person sought to be 
charged with waiver says or does nothing inconsistent with an intent to rely 
upon such right. Waiver is ordinarily a question of fact, but when the 
surrounding facts and circumstances are undisputed, as in this case, the 
question becomes one of law.
 
 
111 S.W.3d 
153, 156-57 (Tex. 2003) (citations omitted). As in Jernigan, we have no 
evidence here of General Electric’s specific intention to waive its contractual 
right nor can we imply intent from the surrounding facts and circumstances. The 
circumstances here may indicate inattention or a certain lack of care on the 
part of General Electric, but they do not imply that General Electric intended 
to waive its previously asserted contractual right by not complaining sooner. 
See Van Indep. Sch. Dist. v. McCarty, 165 S.W. 3d 351, 353 (Tex. 
2005) (“While waiver may sometimes be established by conduct, that conduct must 
be unequivocally inconsistent with claiming a known right.”).
Small also 
contends that the trial court correctly refused to enforce the contractual jury 
waiver because General Electric did not present evidence that the waiver was 
entered into knowingly and voluntarily as required to enforce such a waiver. 
See In re Prudential Ins. Co., 148 S.W.3d 124, 133 (Tex. 2004). The 
waiver provision, however, was written in capital letters and bold print, 
providing that:
 
THE 
MAKER HEREBY UNCONDITIONALLY WAIVES ITS RIGHTS TO A JURY TRIAL OF ANY CLAIM OR 
CAUSE OF ACTION BASED UPON OR ARISING OUT OF, DIRECTLY OR INDIRECTLY, THIS NOTE, 
. . . . IN THE EVENT OF LITIGATION, THIS NOTE MAY BE FILED AS A WRITTEN CONSENT 
TO A TRIAL BY THE COURT.
 
 
Such a 
conspicuous provision is prima facie evidence of a knowing and voluntary waiver 
and shifts the burden to the opposing party to rebut it. See id. at 134; 
see also In re Wells Fargo Bank Minn. N.A., 115 S.W.3d 600, 609 
(Tex. App.–Houston [14th Dist.] 2003). Small did not challenge the jury waiver 
provision in the trial court and only summarily contends here that the provision 
is invalid.
In 
Prudential, we concluded that mandamus was appropriate to enforce a valid 
contractual jury waiver. In re Prudential Ins. Co., 148 S.W.3d at 139. 
Finding no evidence that the provision was invalid or that General Electric 
knowingly waived its contractual right to a non-jury trial, we conclude that the 
trial court abused its discretion in failing to enforce the provision. Without 
hearing oral argument, Tex. R. App. 
P. 52.8(c), we conditionally grant mandamus relief and direct the trial 
court to return the case to the non-jury trial docket. The writ will issue only 
if the trial court fails to comply with our directive. 
 
Opinion 
delivered:         September 22, 
2006